## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH MICHAEL DEVON ENGEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20 CV 1947 MTS |
| | ) | |
| TRANS UNION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Joseph Michael Devon Engel for leave to proceed in forma pauperis.[1] Having reviewed the motion, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss this action without prejudice.

### **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

---

[1] Plaintiff has neither filed a separate motion for leave to proceed in forma pauperis nor paid the filing fee. Instead, in the body of his complaint, he states: "Application to proceed in District Court without prepaying fees or costs[.] I am in ERDCC [and] only get $5.00 dollars a month." Doc. [1 at 1]. The Court has construed this portion of his complaint as a motion for leave to commence this civil action without prepayment of the required filing fee.

1

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

Plaintiff has not submitted an inmate account statement as required by 28 U.S.C. § 1915(a)(2). Nevertheless, having reviewed the information contained in the motion, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement in support of his claim.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-

73. (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Background**

Plaintiff is a self-represented litigant who is currently incarcerated at the Missouri Eastern Correctional Center in Pacific, Missouri. On September 3, 2020, he began filing civil actions in the United States District Court for the Eastern District of Missouri, each time seeking leave to proceed in forma pauperis. In many of his complaints, plaintiff sued numerous entities and officials identified only by generic job titles, and sought trillions of dollars in damages against them based upon wholly conclusory and often nonsensical allegations. *See, e.g., Engel v. Corizon, et al.*, No. 4:20-cv-1695-NAB (E.D. Mo. Nov. 30, 2020) (listing 45 defendants on handwritten notes included with complaint); and *Engel v. CO1, et al.*, No. 4:20-cv-1923-HEA (E.D. Mo. Dec. 20, 2020) (naming 49 defendants but none by a first and last name). At this point, plaintiff has filed

3

approximately 160 cases in total.

Because plaintiff was proceeding in forma pauperis, his cases were reviewed under 28 U.S.C. § 1915. Based on those reviews, plaintiff's cases were dismissed, either for one of the reasons articulated within § 1915(e)(2)(B),[2] or because plaintiff failed to comply with Court orders. By December 21, 2020, he was subject to the "three-strikes" provision of 28 U.S.C. § 1915(g). This meant he could not proceed in forma pauperis unless he was in "imminent danger of serious physical injury." *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

The Court received the instant complaint on December 29, 2020. Doc. [1]. On January 22, 2021, the Court denied plaintiff's motion for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g), and dismissed the action without prejudice to plaintiff refiling a fully-paid complaint. Docs. [2] and [3]. Upon further review, however, the Court observed that it appeared plaintiff had signed and dated his complaint on December 20, 2020, before accruing his third strike on December 21, 2020. Doc. [6]. The Court therefore vacated its dismissal of plaintiff's complaint and directed the Clerk of Court to reopen the case.

Despite reopening the case, plaintiff filed a notice of appeal on February 8, 2021. Doc. [7]. He also filed an unsigned motion for leave to proceed in forma pauperis on appeal. Doc. [8]. On February 10, 2021, the Court directed the Clerk of Court to return the motion to plaintiff for his signature. Doc. [9]. Plaintiff submitted a signed motion for leave to proceed in forma pauperis on

---

[2] For example, in many of plaintiff's actions, the Court found that his allegations were "clearly baseless" and therefore factually frivolous under the standard articulated in *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). It was determined that many of his complaints were also subject to dismissal as malicious, based upon the nature of his pleadings and his abusive litigation practices. *See, e.g., Engel v. Prob. & Parole of Mo., et al.*, No. 4:20-cv-1740-DDN (E.D. Mo. Dec. 22, 2020) (listing twenty-nine of plaintiff's cases in which the Missouri Department of Corrections was named as a defendant); and *Engel v. Corizon, et al.*, No. 4:20-cv-1812-NAB (E.D. Mo. Jan. 6, 2021) (discussing plaintiff's litigation practices as part of an attempt to harass named defendants, and a not a legitimate attempt to vindicate a cognizable right).

4

February 26, 2021, which was granted on March 2, 2021. Docs. [10] and [11]. The matter then went to the United States Court of Appeals for the Eighth Circuit. Doc. [12].

As the case was pending appeal, the Court took no further action. However, on February 11, 2022, the Court learned that the Court of Appeals had refused to process plaintiff's appeal because the order being appealed had been vacated by the Court on January 27, 2021.

### The Complaint

As noted above, plaintiff is an inmate at the Missouri Eastern Correctional Center.[3] He brings this civil action pursuant to 42 U.S.C. § 1983. Doc. [1 at 1]. The complaint names TransUnion, Equifax, and Credit Places as defendants. The entirety of plaintiff's "Statement of Claim" consists of the following remark: "ID theft, letting people ruin credit." With regard to injuries, he states: "ID theft, credit ruin[ed], could get me locked up like it has, in a way." As a result, he seeks "650 trillion dollars plus stocks, bond[s], [and] savings in [companies]."

### Discussion

Plaintiff is a self-represented litigant who brings this civil action pursuant to 42 U.S.C. § 1983, naming as defendants three credit reporting agencies. Because he is proceeding in forma pauperis, the Court has reviewed his complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will dismiss this action without prejudice.

**A. Defendants Are Not State Actors**

To state a claim for relief under 42 U.S.C. § 1983, "a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged

---

[3] In his handwritten complaint, plaintiff appears to indicate that he is a "civilly committed detainee." Doc. [1 at 1]. However, plaintiff has also provided his prison registration number and is being held at a state correctional facility. Moreover, review of the Missouri Department of Corrections' online records show that plaintiff is a convicted state prisoner serving a ten-year sentence for, among other things, second-degree burglary. Therefore, the Court has determined that plaintiff is actually a convicted and sentenced state prisoner, and not a civilly committed detainee, for purposes of 28 U.S.C. § 1915 review.

5

wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010). To that end, a defendant can only be held liable pursuant to § 1983 for actions taken under color of state law. *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008). *See also Magee v. Trustees of Hamline Univ., Minn.*, 747 F.3d 532, 535 (8th Cir. 2014) (stating that § 1983 "imposes liability for certain actions taken under color of law that deprive a person of a right secured by the Constitution and laws of the United States"); *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that § 1983 secures constitutional rights from government infringement, not infringement by private parties); and *Montano v. Hedgepeth*, 120 F.3d 844, 848 (8th Cir. 1997) (stating that pursuant to § 1983, "the challenged conduct must have been committed by one who acts under color of law").

When a private party acts under color of state law, it can be held liable under 42 U.S.C. § 1983. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). However, a private party may only be held liable "if it is a willful participant in joint activity with the State or its agents." *Gibson v. Regions Fin. Corp.*, 557 F.3d 842, 846 (8th Cir. 2009). In order to state a claim against a private party under § 1983, the plaintiff "must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor." *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993).

In this case, defendants are all private credit reporting agencies, not state actors. In addition, plaintiff has provided absolutely no facts to indicate that these private parties did anything that could be construed as acting under color of state law. That is, he has not alleged that defendants were willful participants in a joint activity with the state. As he has not shown that any of the defendants acted under color of state law, he is missing an essential element of a 42 U.S.C. § 1983 claim. Therefore, this action must be dismissed.

6

### B. Failure to State a Constitutional Violation

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States." *Wong v. Minnesota Dep't of Human Servs.*, 820 F.3d 922, 934 (8th Cir. 2016). In this case, plaintiff appears to be accusing defendants of stealing his identification and ruining his credit. However, he presents no facts indicating that defendants have violated his constitutional rights. Therefore, this action must be dismissed.

### C. Failure to State a Claim

Even if defendants were alleged to have acted under color of state law, plaintiff has failed to provide "a short and plain statement" showing that he "is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). Instead of a short and plain statement, plaintiff has presented a single fragmentary sentence that concludes that his identification was stolen and his credit ruined. This is not sufficient to pass initial review under 28 U.S.C. § 1915.

By way of explanation, the Court notes that there is a complete absence of facts in plaintiff's "Statement of Claim," leaving the Court to speculate as to what defendants did that would entitle plaintiff to "650 trillion dollars" in damages. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level"). While plaintiff provides some conclusory statements about "ID theft," his credit being ruined, and intimates that he might get "locked up" again, the Court is free to ignore unsupported conclusions. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) ("While the court must accept allegations of fact as true…the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations"). In short, plaintiff has made no effort to describe what any of the three

defendants did or did not do to harm him. Instead, he simply provides the defendants' names, and asks for an astronomical sum of monetary damages. This is not adequate to state a claim against them. Therefore, for this reason as well, the case must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.00 within twenty-one (21) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 17th day of February, 2022.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE